## DICKERMAN v. MINER ET AL.

1. **Promissory Note:** MATERIAL ALTERATION. The addition of the name of another maker to a note, without the consent of the original parties, is such a material alteration as will discharge them from liability, regardless of the fact of benefit or injury to them.

2. ———: ———. While the original maker will be discharged by the addition, the party who subsequently attaches his name will be liable as upon a new note executed by him alone.

*Appeal from Winneshiek District Court.*

WEDNESDAY, JUNE 14.

THE plaintiff filed a petition claiming of defendants, Nelson Miner and Ira Johnson, the sum of $100 with ten per cent interest from January 19th, 1867, on a promissory note purporting to be made by them to Wm. N. Strong, and by said Strong indorsed to plaintiff, before due, and for a valuable consideration.

The defendants filed their joint answer, alleging that since the execution of the note sued on, the date thereon had been altered from January 19th, 1870, to January 19th, 1867.

The defendant, Miner, filed his separate answer, alleging " that at the time he signed said note no other name was signed thereto; that the name of Ira Johnson was signed to said note without the consent of defendant, Miner; that defendant, Miner, executed said note to Wm. N. Strong, the payee thereof, as part consideration for the purchase of a horse sold by said Strong to said Miner; that said Miner was entitled to set-off against said note on account of a breach of warranty in the sale of said horse; that said Johnson added his name to said note for the purpose of effecting a transfer thereof by said Strong to said plaintiff, and thus cut out defendant, Miner, of his defense thereto; that such addition of the name of defendant, Johnson, to said note was made without the knowledge or consent of defendant, Miner, and with the knowledge and consent of plaintiff, to all of above facts, except as to the consideration of said note; that by the addition of the name of said Johnson to said note, and not other-

wise, said Strong was enabled to transfer the same to plaintiff, and thus deprive defendant, Miner, of his defense thereto."

The plaintiff replied, alleging that he had no knowledge of any alteration in the date of said note at the time that he purchased the same; and also admitting that, after the execution by Miner of said note, the name of Ira Johnson was added thereto, but alleging that defendant, Miner, afterwards consented to the addition of defendant, Johnson, as a co-maker of said note.

· Upon the trial it was admitted that the names signed to the note were genuine, and that the name of Johnson was signed to the note after being made by Miner, and without his knowledge or consent.

The defendant, Miner, offered to prove the facts alleged in his separate answer, but, upon plaintiff's objection, the proof was rejected. The court rendered judgment for plaintiff. Defendants appeal.

*M. P. Hathaway*, for appellant.

*Chas. P. Brown*, for appellee.

DAY, J.—I. The very decided weight of authority is that the adding the name of another maker to a bill or note is a material alteration, such as will discharge the original parties not consenting thereto, without inquiry as to whether the alteration is injurious or beneficial to them. 2 Parsons' Notes and Bills, pp. 556–560, and cases cited; *Hall's Administratrix v. McHenry*, 19 Iowa, 521.

II. The signature of Johnson imports a sufficient consideration. For aught that appears, he knew that Miner had no knowledge of the addition to the note. The law presumes that he knew the effect of his signature would be to discharge Miner. There is no reason why he should be discharged from his obligation voluntarily assumed. The effect of his act was to execute a new note at the time he attached his name. As the maker of such note he should be held liable.

Upon the appeal of Johnson the case is affirmed, and on the appeal of Miner it is

REVERSED.