HAMILTON v. HOOPER ET AL.

1. **Promissory Note**: MATERIAL ALTERATION. The addition of the name of another joint maker to a note, without the knowledge or consent of the others, is such a material alteration as releases them from liability thereon.

2. ——: ——. The last signer, however, is not released by the discharge of his co-signers and he is liable for the amount of the note.

*Appeal from Scott District Court.*

THURSDAY, DECEMBER 20.

THIS is an action upon a promissory note for five hundred dollars, payable to the order of Jane Hamilton, executed by Asa Hooper, William Moody, Cordelia Moody and A. P. Ferguson.

The cause was submitted to the court below upon the fol-

lowing agreed facts: "The plaintiff, Jane Hamilton, was the owner of certain cattle, which James Hamilton, her husband, for plaintiff, sold to the defendant, Hooper, for the sum of $500, and took in payment of said sum a note executed by Hooper to plaintiff, with William Moody and Cordelia Moody as joint makers thereof, and said note was delivered to said James Hamilton. Very soon after said note was delivered to James Hamilton, and on the same day, and before delivering said note to plaintiff, said James Hamilton meeting the defendant, Ferguson, who is a brother-in-law of the defendant, Hooper, requested him to also sign said note, which he did, without the knowledge of Hooper, or William Moody or Cordelia Moody, and thereafter the said James Hamilton carried said note to plaintiff and delivered it to her. There was nothing said between James Hamilton and the defendants, Hooper and William and Cordelia Moody, about obtaining the signature of Ferguson to said note, nor did they know that said signature had been obtained until suit was brought on the same. Nor did plaintiff know, before the trial of this cause, that Ferguson's signature was obtained without the knowledge or consent of the other makers of the note."

All whose names are signed to the note were made defendants. Upon the foregoing facts the court rendered judgment for all the defendants. Plaintiff appeals. The cause is now submitted upon rehearing.

*W. A. Foster*, for appellant.

*Davison & Lane*, for appellee.

Day, Ch. J.—I. From the foregoing facts, it appears that as to Hooper and William and Cordelia Moody, the note was

1. PROMISSORY note: material alteration.

fully executed and delivered to the agent of plaintiff before it was signed by Ferguson, and his signature was obtained by James Hamilton without their knowledge or consent. The law is well settled that this constitutes a material alteration of the note, which avoids it as to all the prior parties thereto. *Hall's ad'mx, v. McHenry*, 19 Iowa, 521; *Dickerman v. Miner*, 43 Iowa, 508, and cases cited.

It is urged that the note was not fully issued and delivered to the payee when Ferguson's name ·was signed, and that, for. this reason, the rule above announced does not obtain. It is clear, however, that James Hamilton was ·not the agent of any makers of the note. He was the agent of plaintiff in the sale of the cattle, and the taking of the note with sureties. The delivery of the note to him was, as to the makers, a delivery to the plaintiff. The procuring of the signature of Ferguson was the act of the plaintiff, done by her agent.

II. As to the defendant, Ferguson, the note is binding. This point was so determined in *Dickerman v. Miner, supra.*

2. —: —: As to all the defendants, except Ferguson, the judgment is affirmed. As to defendant, Ferguson, the cause is

REVERSED.