## W. C. YOST AND WILLIAM T. COOK
### v.
## THE MINNEAPOLIS HARVESTER WORKS.

*Negotiable Instruments—Note—Recovery on—Alteration.*

1. A court may properly require a party to pay accrued costs as a condition precedent to setting aside a judgment by default.

2. The placing of a figure in a blank space in a note by the person in the rightful possession thereof, thus changing it from a non-interest to an interest-bearing note, amounts to a fraud and vitiates the same.

3. In an action brought to recover upon a promissory note, this court holds as erroneous the sustaining of plaintiff's objections to certain questions asked defendants upon cross-examination, touching the condition thereof when executed, they having been called as witnesses by the plaintiff in its behalf, and that such questions were proper; though the signing of the note being proved, would operate to shift the burden of proof upon the defendants to show an alteration therein; that certain instructions given in behalf of the plaintiff were misleading and prejudicial to defendants, and that the judgment against them can not stand.

[Opinion filed October 27, 1891.]

APPEAL from the Circuit Court of Saline County; the Hon. GEORGE W. YOUNG, Judge, presiding.

Messrs. BOYER & CHOISSER, for appellants.

Messrs. W. F. SCOTT and PARISH & PARISH, for appellee.

GREEN, P. J. This was a suit brought by appellee against appellants jointly, in justice's court to recover the amount of a promissory note. Judgment was there rendered against defendants, who thereupon took an appeal to the Circuit Court. In that court the cause was called, and plaintiff failing to appear, it was dismissed at its cost on motion of defendants. Afterward, at the same term, on the motion of plaintiff supported by affidavits, that judgment was set aside, on condition that plaintiff pay all the accrued costs. In this ruling and decision of the court no error is perceived. It is unnecessary to go through the evidence in detail and reproduce it here, in the view we take of this case. Suffice it to say, that giving the most favorable construction for plaintiff to the evidence introduced, it must be conceded that this is an exceedingly close case on the facts. Defendants interposed a written affidavit denying the execution of the note sued on, and both testified the note they signed did not bear interest; that they did not sign a note reading like the one sued on; that when each signed the note read in evidence, the space left for rate

of interest was not filled up, whereas the note as it appeared when so read to the jury, had the figure "8" in this space, making it read, "with interest at the rate of eight per cent per annum from date until paid." And each testified he never authorized or consented to the insertion of any rate of interest. Myers, agent of plaintiff, who drew up the note and handed it to Yost to sign, did not testify positively the figure 8 was in the said space at that time, but he and another witness, who was plaintiff's general agent, testified to circumstances tending to prove no figure had been interpolated after the delivery of the note by the makers. A contract between plaintiff and Yost tending to prove he had agreed to give plaintiff a note drawing eight per cent interest, was also admitted in evidence. The judgment went against defendants for $195.85. Cook was surety upon the note for Yost.

In this state of case great care is required of the court in its rulings, and the instructions given to the jury should be accurate. In our judgment the court erred in its ruling and instructions. Plaintiff, to prove the execution of the note, called as witnesses on its behalf, the defendants, Yost and Cook. Yost was asked in his examination in chief: "I will ask you, Mr. Yost, if that is your signature?" He answered, "That is my name." He was then asked, "That is your signature, is it?" and answered, "Yes sir," and was then asked, "You signed that?" and answered, "I say that is my name; I wrote that there." Cook was asked substantially the same questions and gave like answers. On cross-examination each of these witnesses were asked questions touching the instrument—when it was so signed, as to whether it then bore eight per cent or any rate of interest or had been altered, or whether it read the same as when so signed. Each and every one of these questions were objected to by plaintiff, and the objection sustained, and we think this was error. By thus proving the signature, plaintiff opened the door to this cross-examination, showing the condition and appearance of the note when these parties signed it. It was legitimate cross-examination germane to the subject-matter of the direct examination, and this is so even if counsel were right in their contention that the signing of the note being proved, the burden was then shifted upon

defendants to prove the alteration. It was not a question of the burden of proof defendants should assume, but what was the legitimate scope of the cross-examination as fixed by the law for the examination of witnesses. If defendants' rights under the law were abridged in this regard, as we hold was the case, it was an error which was calculated to prevent a fair trial. For plaintiff this instruction was given:

"Third. The court instructs the jury that the rule of law is, that where one of two parties must suffer loss, he who by his negligent conduct made it possible for loss to occur, must bear it; and if you believe from the evidence that the defendant Cook, signed the note in suit, leaving a blank where the figure 8 indicating the rate of interest, now stands, in such a condition that said space could be filled without indicating any change in said note, then said Cook is guilty of negligence; and if you further believe from the evidence that the figure 8 was placed in said blank, and said note was afterward delivered to the agent of the plaintiff without any knowledge on the part of said agent that said change had been made, then said change or alteration of said note can not be interposed to prevent the plaintiff from recovering in this suit."

This instruction was quite misleading and highly prejudicial to defendants. This was not a suit by a *bona fide* holder of a note assigned to him for value before maturity, and the makers. But the payee is plaintiff, and if its agents having authority to take notes for it, or a right to the custody and control thereof, placed the figure 8 in the blank space, and thereby changed the note from a non-interest bearing instrument to one bearing eight per cent interest, without the knowledge or consent of the makers, such alteration would be a fraud, vitiating the note and defeating a recovery. Black v. Bowman, 15 Ill. App. 166; Burwell v. Orr et al., 84 Ill. 465. This instruction was in direct conflict with the law as laid down in the cases cited, and the court erred in giving it. It was also error to give the jury this instruction for plaintiff:

"First. The court instructs the jury that the plaintiff, by the introduction of the note read in evidence, made out a *prima facie* case entitling it to a verdict for the amount of said note, principal and interest, according to the tenor and effect thereof;

and you should so find, unless the defendants have shown by a preponderance of the evidence that said note, as originally executed and delivered by them to the plaintiff, bore no interest and has been altered in this respect."

Before the statute went into effect dispensing with the proof of the execution of instruments sued on, proof of the signature was *prima facie* evidence of its execution. But that rule does not apply in this case.

Plaintiff affirms that defendants executed a written contract to pay it a definite sum of money at a definite time, *with interest thereon from date at the rate of 8 per cent until paid;* that this was the contract broken by defendants, and to recover damages for this breach, suit is brought. Defendants do not affirm the note was altered, but deny, upon oath, that they executed this instrument on which the suit is founded. Thereby they put in issue, not only the fact that they signed it, but also the facts that they signed and delivered to plaintiff that contract, containing all the terms as averred by plaintiff. On this issue plaintiff manifestly takes the affirmative. The plaintiff did introduce and read the note in evidence, but, as we have said, by an improper ruling of the court. Had proper cross-examination of its witnesses been permitted, it would have been shown by them that although the signatures were theirs, the contract, as it then appeared, was not the one executed and delivered by them, and thereby it would have been shown by plaintiff that although it was admitted defendants' names were signed by them, yet, also, the execution of the note was denied by them. It was not a mere admission of the signing, without other evidence offered or heard to show that the contract was not theirs, as in the case of Lowman v. Aubery, 72 Ill. 620, cited by appellee, nor is that case in point on this branch of the case. The court also entered judgment for *all* the costs in the case and awarded execution for the same. This was error. The court had set aside a judgment against plaintiff and reinstated the case, upon condition that it should pay all the costs then accrued, and this condition should have been enforced and defendants relieved from the payment thereof. For the errors mentioned, the judgment is reversed and cause remanded.                        *Reversed and remanded.*