RHOADES, *et al.*, Appellants, v. E. E. LEACH, *et al.*

**Principal and Surety.** Signing a note after its execution releases the first signers and leaves the last liable. That liability is not affected because one of the released signers had died and the other has suffered judgment to go against him.

**Practice on Appeal.** An error urged upon refusal to grant judgment *non obstante* may be considered though the refusal was right, if instructions given and refused raise the same question.

*Appeal from Franklin District Court.*—HON. D. R. HINDMAN, Judge.

MONDAY, JANUARY 21, 1895.

Action upon a promissory note. So far as appears from this record, no defense was made by the defendant E. E. Leach. The defendant Gillett filed an answer, and there was trial by jury, which resulted in a verdict against the plaintiffs, and from a judgment on the verdict they appeal.—*Reversed.*

*I. C. Fenninger* and *Taylor & Evans* for appellants.

*Luke & Johnston* for appellees.

Rothrock, J.—The issue presented by the answer was founded upon the following facts: The plaintiffs are dealers in buggies, and had in their employ a traveling salesman, named Kelly. Kelly appeared at the farm of J. C. Leach, and had a buggy with him, which he proposed to sell to Leach. Leach did not purchase the buggy, but made a contract by which he exchanged his old buggy for the new one, and gave the promissory note in suit for the agreed difference of the value of

the two vehicles.   The note was signed by J. C. Leach, and said E. E. Leach, and by Gillett, the appellant.    J. C. Leach has since died insolvent.   E. E. Leach is his son, and Gillett is his nephew. The transaction occurred in the year 1886.    It is averred in the answer, that the exchange of the buggies was a transaction wholly between Kelly, the agent of plaintiffs, and J. C. and E. E. Leach; and that after the sale or exchange "was fully consummated, and the buggy delivered to the said Leach, and without any agreement whatever between the said Leaches and the plaintiffs that a surety would be required or given, he, the defendant, at the request of the plaintiffs, signed said note, without knowing the contents of the same, and that he signed the same without any good or valuable consideration whatever." There is no claim by the plaintiffs that they are not bound by the acts and declarations of Kelly at the time the transaction occurred.    He died before the trial in the District Court.    The jury found, in answer to special interrogations submitted at the request of the plaintiffs, that Gillett signed the note after J. C. Leach took possession of the new buggy, and that his signature was affixed without the knowledge or consent of said Leach.    It is urged in behalf of appellant that there was not sufficient evidence to authorize the finding that Leach took possession of the buggy, and that thereby the transaction was closed before Gillett signed the note, and counsel for appellees insist that the evidence did not support the finding that he signed the note without the knowledge or consent of Leach.    The evidence is set out in full, the most of it by question and answer; and our examination of it satisfies us that the special findings ought not to be disturbed.    The evidence was amply sufficient to sustain them.

II.   In connection with the special findings, the jury returned a general verdict for the defendants.  The main point discussed by counsel for appellant is that the court erred in overruling a motion for a judgment for the plaintiff on the special findings, notwithstanding the general verdict.    Counsel state their proposition in this language:  "It is the settled law of this state that the addition of the name of another maker to a note after its delivery, without the consent of the original parties, will discharge such prior makers not consenting thereto.   But such additional maker will be held liable thereon as on a new note for a sufficient consideration."   The cases of *Dickerman v. Miner*, 43 Iowa, 508; *Hamilton v. Hooper*, 46 Iowa, 515; and *Berryman v. Manker*, 56 Iowa, 150, 9 N. W. Rep. 103,—are cited and claimed to be absolutely conclusive of the question.   It is stated in argument that judgment upon the note was rendered against E. E. Leach; and it does not appear that J. C. Leach during his life at any time repudiated the note, or denied liability thereon; and that there was no loss or disadvantage to the payee of the note, because no advantage was taken by the previous signers of the note of their legal discharge from liability by reason of the signature of Gillett.    The cited cases are in exact line with the claim made by plaintiff's counsel.    The cases are placed upon the ground that the addition of another name to a note is a material alteration, which will discharge the original parties not consenting thereto, and without inquiry whether the alteration is injurious or beneficial to them, and that the person so executing the note makes it his own, and that it is, in effect, the execution of a new note. And this rule was followed in the late case of *Browning v. Gosnell*, 91 Iowa, 448, 59 N. W. Rep. 340, which, as we understand, is, in principle, precisely the same as

the case at bar. It is to be conceded that there is a conflict of authority on the question. See 1 Am. & Eng. Enc. Law, 506. It is needless to review the cases. We do not feel at liberty to disturb the repeated decisions of this court without more controlling considerations than the facts in this case present. When the alteration was made, the other signers of the note were by that act discharged from liability, and we think the fact that one is dead and another allowed judgment to be entered against him in no manner affected the obligation undertaken by Gillett when he signed the note. The cases make no such an exception.

We doubt whether it was the duty of the court to ignore the general verdict, and enter up a judgment for the plaintiffs, founded on the special findings. But the instructions given to the jury, and instructions asked by plaintiff and refused, to which exceptions were taken by the plaintiff, in effect raise the same question, and for the errors therein contained the judgment of the District Court is *reversed.*