## U. G. Fowler, Appellant, v. W. A. Lachenmyer and Bertha A. Lachenmyer, Appellees.

1. Witnesses, § 227*—*what cross-examination proper.* It is proper cross-examination in an action upon a promissory note the declaration consisting of a *narr* and *cognovit* and common counts and in which the pleas of general issue, *non est factum* and failure of consideration are filed, for the defendant's attorney to ask the defendant—after he has been called by the plaintiff to testify as to the signature and delivery of the note—as to what signatures of other persons were on the note when he delivered it and whether other signatures were placed thereon after delivery, without his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

consent and knowledge, especially where such facts, if clearly proven, would defeat a recovery on the note, except under the common counts.

2. ALTERATION OF INSTRUMENTS, § 4*—*when adding of signatures bars recovery.* When a note is altered after the delivery to the payee by the addition of two signatures without the knowledge and consent of the original maker, there can be no recovery against the original maker on a declaration consisting of a *narr* and *cognovit*, the defendant interposing pleas of the general issue, *non est factum* and failure of consideration.

3. ASSUMPSIT, ACTION OF, § 37*—*when recovery of consideration of altered note may be had on common counts.* A recovery of the original consideration under the common counts consolidated with bill of particulars attached may be had against the original maker where a promissory note which has been materially altered after delivery by the addition of two signatures without the knowledge and consent of the original maker, the common counts with bill of particulars attached having been filed after judgment against all the defendants, the suit originally being against all defendants jointly, and the judgment having been vacated as against such maker.

Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed April 16, 1915.

WALTER B. RILEY and REARICK & MEEKS, for appellant.

ACTON & ACTON and GREEN & PALMER, for appellees; ORIS BARTH, of counsel.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

In a land deal, W. A. Lachenmyer and Bertha A. Lachenmyer (his wife), the appellees, executed and delivered to U. G. Fowler, the appellant, a promissory note for $15,000, the purported consideration of which was $10,000, balance due on payment for the land and $5,000 for money loaned. After the delivery of the note by the appellees to the appellant, the names of

A. R. Scott and J. E. Sunderland were put upon the note, but by whom or why the record does not disclose. The note contained a power to confess judgment, and on July 15, 1913, in the Circuit Court of Champaign county, in vacation, a judgment by confession was entered upon the note against the appellees and A. R. Scott and J. E. Sunderland for $15,230 and costs. On August 20, 1913, in vacation, the appellees presented to the judge of the court a motion supported by affidavit to stay execution and to open the judgment, and for leave to plead. On a hearing the motion was allowed and the judgment vacated as to the appellees, W. A. Lachenmyer and Bertha A. Lachenmyer, and leave to plead granted. The declaration as originally filed consisted of a *narr* and *cognovit* on a promissory note for $150,000 against appellees and A. R. Scott and J. E. Sunderland. After the judgment was vacated, appellant, by leave of court, filed an additional count, the common counts consolidated, with bill of particulars attached, against appellees W. A. Lachenmyer and Bertha A. Lachenmyer only. The appellees filed three pleas, the general issue, *non est factum* and failure of consideration. The cause was tried before a jury, and at the close of the plaintiff's evidence the court instructed the jury to find the issues for the appellees. Judgment was entered upon the verdict in favor of the appellees and against the appellant for costs and in bar of the action. On the trial, appellee W. A. Lachenmyer was placed on the stand by appellant to prove his signature to the note, and on cross-examination, over objection of appellant, was allowed to testify that when the note was signed and delivered by him to appellant only his signature and that of his wife were on the note and that the signatures of Scott and Sunderland were placed thereon after the delivery and without knowledge and consent of himself. This was proper cross-examination. By thus proving the

signature appellant opened the door to this cross-examination, showing the appearance and condition of the note when these parties signed it. It was legitimate cross-examination germane to the subject-matter of the examination. *Yost v. Minneapolis Harvester Works*, 41 Ill. App. 556. The court held that the note was fraudulently altered, and refused to admit it in the evidence. The alteration was material and therefore no recovery could be had upon the note, but the alteration was not detrimental to the interests of appellee and therefore was not prima facie fraudulent, and a right of recovery remained for the original consideration under the common counts if proven. It was not proven in this case, except against W. A. Lachenmyer. The suit as originally filed was against all four parties jointly, and the original consideration could not be recovered against any one but W. A. Lachenmyer. No recovery can be had against Bertha A. Lachenmyer on the original consideration. The common counts consolidated were against appellees, W. A. Lachenmyer and Bertha A. Lachenmyer. No recovery could be had against W. A. Lachenmyer under that count, as no recovery could be had except on the original consideration, and that against W. A. Lachenmyer only. The parties having been sued jointly there could be no recovery under the pleadings against any of them for the original consideration. The court properly took the case from the jury and the judgment is therefore affirmed.

*Affirmed.*