### BANK OF COMMERCE OF SULPHUR v. WEBSTER et al.

No. 8861—Opinion Filed April 30, 1918.

Rehearing Denied May 21, 1918.

(172 Pac. 942.)

#### Guaranty—Discharge—Change of Parties.

Under sections 4174 and 4175, Revised Laws 1910, which provides that any alteration made without the assent of the party or parties liable thereon which changes the number or relation of the parties to a negotiable instrument avoids the instrument as to such parties, the procuring of an additional signer to a promissory note by the holders thereof without the assent of parties who have guaranteed the payment of said note and subsequent to the execution of the guaranty discharges the guarantors from liability on their guaranty as between them and the holders.

··· ··· (Syllabus by Pryor, C.)

Error from District Court, Murray County; F. B. Swank, Judge.

Action by the Bank of Commerce of Sulphur, Okla., against C. J. Webster and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Jno. A. McClure, for plaintiff in error.

Geo. M. Nicholson, for defendants in error.

Opinion by PRYOR, C. The plaintiff in error, the Bank of Commerce of Sulphur, Okla., commenced this action in the district court of Murray county against C. J. Webster and T. E. Molacek, defendants in error, to recover on a written guaranty as follows:

"Sulphur, Okla., 6—19—11.

"For value received, we hereby guarantee to the Bank of Commerce of Sulphur, Okla., payment of one note of D. A. Crafton, dated 2—6—11, $1,450.00 and one note of D. A. Crafton, dated 1—30—11. $204.00, both of said notes made payable to the Security State Bank.

"C. J. Webster
"T. E. Molacek."

The notes named in the written guaranty were transferred from the Security State Bank to the Bank of Commerce, and at that time the defendants executed and delivered to the Bank of Commerce the above set forth guaranty. At the time of such transfer the Security State Bank was in the hands of the banking board, which was liquidating the bank's assets. The defendants interposed the defense to said action that the notes which were guaranteed by the defendants were altered, after the execution and delivery of said guaranty, by the plaintiffs' having Lizzie M. Crafton, wife of the maker of said notes, to sign the same. The trial court held that the signing of said notes by Lizzie M. Crafton at the instance of the plaintiff, without the consent and knowledge of the guarantors, the defendants, was an alteration which defeated the guaranty, and rendered judgment for the defendants. From this judgment the plaintiff appeals.

The only question presented on appeal is whether or not the plaintiff's procuring the signing of said notes by Lizzie M. Crafton after the execution and delivery of the contract of guaranty without the consent and knowledge of the defendants released and discharged the defendants from their contract of guaranty.

As to what constitutes material alteration of a negotiable instrument without the assent of the parties thereto, and avoids the guaranty, section 4175, Revised Laws 1910, provides: "Any alteration which changes * * * (4) the number or the relations of the parties." It seems that this court has never construed this provision relative to questions of the character presented here. The Supreme Court of the State of Washington, in construing a provision identical with the one above, held:

"Under Rem. & Bell, Code § 3515, providing that an alteration that changes the number or the relation of the parties is a material alteration, the addition of new signatures to procure their discount is a material alteration, which discharges an accommodation indorser who had no notice of the alteration." Handsaker v. Pedersen, 71 Wash. 218, 128 Pac. 230.

The authorities on this question, independent of the statute, seem to be in conflict; but the greater weight of authority is to the effect that the adding of an additional party to a negotiable instrument subsequent to its execution and delivery discharges the original parties when such change is made without their knowledge or consent. Taylor v. Johnson, 17 Ga. 521; Nicholson v. Combs, 90 Ind. 515, 46 Am. Rep. 229; Dickerman v. Miner, 43 Iowa, 508; Berryman v. Manker, 56 Iowa, 150, 9 N. W. 103; Windle v. Williams. 18 Ind. App. 158, 47 N. E. 680; Ford v. First National Bank (Tex. Civ. App.) 34 S. W. 684; Wallace v. Jewell, 21 Ohio St. 163, 8 Am. Rep. 48; Brown v. Johnson Bros., 127 Ala. 292, 28 South. 579, 51 L. R. A. 403, 85 Am. St. Rep. 134; Fowler v. Lachenmyer, 193 Ill. App. 547; McVean v. Scott, 46 Barb. (N. Y.) 379; Rumley Co. v. Wilcher (Ky.) 66 S. W. 7.

In the case of Taylor v. Johnson, 17 Ga. 521, the Supreme Court of Georgia said:

"The rule of law is not disputed that the liability of a surety cannot be extended beyond the actual terms of his engagement, and that his liability will be extinguished by any act or omission which alters the terms of the contract, unless it be with his consent. And for myself I am satisfied that the uniform doctrine of the books, supported by numerous decisions, is that it matters not that the alteration be for the benefit of the surety, because he has a right to stand upon the very terms of his agreement. And it is not answer to a surety to say that the alteration is not material. He has a right to determine for himself whether he will or will not consent to the alteration—whether he thinks it material or immaterial. No power of man can alter his engagement, and his liability to be retained. He has a right to stand upon the very terms of his contract, and without his consent any variation of it is fatal."

In discussing the proposition as to how the addition of the name of another to an instrument might materially alter its character and change the identity of such instrument, the Supreme Court of Texas in Ford v. First National Bank (Tex. Civ. App.) 34 S. W. 684, uses the following language:

"The reason why the addition of a name to a note, as a joint maker, after its issuance, materially alters it, is because it changes the number of parties and their relative rights; it changes the rate of contribution; and it changes the character and description of the instrument. The original obligor may thereby be subjected to a suit in a county other than that of his residence, and suffer inconvenience and injury, as was done in this very case."

The Supreme Court of Ohio, in Wallace v. Jewell, 21 Ohio St. 163, 8 Am. Rep. 48, holds:

"Adding the name of a person as maker of a joint and several promissory note after delivery, without the knowledge or consent of the original signers, is a material alteration. and vitiates the note as to such original signers."

And in the body of the opinion the court says:

"Such an addition gives a different legal character to the instrument. The defendants might, by the altered condition of the note now in question, have been subjected to change of jurisdiction in the event of any litigation arising in relation to it between the parties. * * *

"If the legal operation of the instrument in its altered condition is different from the one they executed, it is sufficient for them to say of the contract evidenced by the altered instrument, into this we never entered. * * *

"If the parties intended to do what they have apparently done, added a new party to the note in the character of maker, its vitiating effect cannot be avoided by the conceptions of the plaintiff as to the character of the act, nor by his design in respect to the future use of the note."

It seems therefore that the alteration complained of, independent of the statutes and the construction placed thereon by the Supreme Court of Washington, by the great weight of authority, discharged the guarantors—the defendants herein—from any liability on the said instrument.

"Whether an alteration is material does not depend upon whether it increases or diminishes the maker's liability. The test is whether the instrument, after the alteration, expresses the same contract, whether it will have the same operation and effect after the alteration as before. If the change enlarges or lessens the liability, it is material, and vitiates the contract." Commonwealth National Bank of Dallas v. Baughman, 27 Okla. 175, 111 Pac. 332.

Section 1043, Revised Laws of 1910, provides:

"A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended."

It is clear, in the light of the statutes and the great weight of authority, that the addition of the name of Lizzie M. Crafton to the note, payment of which the defendants guaranteed, changed the identity of said note and its effect and operation, and such alteration being made without the assent or knowledge of the defendants, the guarantors, operated to discharge the defendants from any liability on their guaranty.

Therefore the judgment of the trial court is affirmed.

By the Court: It is so ordered.