J. S. FAIRLEY, Appellee, v. W. C. FALCON, Appellee, et al., Appellant.

BILLS AND NOTES: Alteration—Subsequent Unauthorized Signing —Effect.. One who signs a promissory note after its execution, delivery, and maturity, and without the consent of the original maker, thereby releases the original maker and makes the note his own. It follows that such belated signer may not successfully assert want of consideration for his signature.

BILLS AND NOTES: Execution—Signing After Maturity—Effect—
2  Oral Modification. A promissory note which is signed by a party
   after maturity is, as to such signer, payable on demand; and parol
   evidence is inadmissible to contradict or vary such legal effect.

PLEADING: Legally Insufficient Defense—Effect. A legally insuffi-
3  cient defense is good when unquestioned, but this does not mean that
   such defense may be established by incompetent testimony. (See Book
   of Anno., Vol. 1, Sec. 12827, Anno. 34 et seq.)

PLEADING: Amendments—Changing Issue After Trial. Issue-changing
4  amendments are properly rejected when made after trial. See Book of
   Anno., Vol. 1, Sec. 11182, Anno. 122 et seq.)

Headnote 1:  2 C. J. pp. 1218, 1220; 8 C. J. pp. 211, 250, 993. Head-
note 2:  22 C. J. pp. 1076, 1092, 1095. Headnote 3: 31 Cyc. pp.
729, 760. Headnote 4:  31 Cyc. p. 406.

Headnote 4:  21 R. C. L. 581.

*Appeal from Linn District Court.*—ATHERTON B. CLARK, Judge.

JULY 1, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action to recover on two promissory notes. The defendant-maker of the notes, W. C. Falcon, filed no answer, and the cause as to him was dismissed, upon the commencement of the trial. The defendant C. Falcon, who affixed his signature to the notes subsequent to their execution and delivery, and after due date, in answer pleaded want of consideration, and that, at the time he signed said notes, it was orally agreed between him and the plaintiff-payee that the notes were payable at defendant's death from his estate, and that, by reason of said agreement, the action as to him was prematurely commenced. Cause tried to a jury, and, on motion of the plaintiff, a verdict was directed in his favor, and judgment was entered. The defendant C. Falcon appeals.—*Affirmed.*

*Charles J. Haas,* for appellant.

*Ring & Hann* and *Johnson, Donnelly & Lynch,* for appellee.

DE GRAFF, J.—Plaintiff-payee, J. S. Fairley, seeks to re-

cover judgment on two promissory notes. The admitted signatures of the defendants W. C. and C. Falcon, son and father, are appended, as makers, to said notes.

The petition is in two counts. The note in Count 1 is for $2,500, dated September 13, 1918, and due on or before six months after said date. The note in Count 2 is for $2,000, dated May 2, 1922, and payable six months after said date.

The defendant W. C. Falcon defaulted, but the defendant C. Falcon filed his verified answer, in which he denied that he signed the said notes at the time of their execution, or that he was a party to the transactions giving rise to said notes. He further averred that, while said notes were in the hands of the plaintiff, at the request of the plaintiff, but without consideration therefor, he affixed his signature thereto, and that, by reason of the fact that the signature thereto was without consideration, he is not liable to plaintiff thereon.

1. BILLS AND NOTES: alteration: subsequent unauthorized signing: effect.

Thereafter, to wit, January 18, 1926, and on the day said cause was called for trial, the defendant C. Falcon filed his verified amendment to his answer, in which he alleged that the said notes were signed by him long after their delivery, and without his having any part in the original transactions, and "without the knowledge of the maker thereof, W. C. Falcon," and that, as a consideration for the signature of C. Falcon, the defendant, it was expressly verbally agreed by and between the plaintiff and C. Falcon that the said notes should not become due and payable as to this defendant until the death of this defendant, and should be payable out of his estate after his death; and for this reason that said notes are not due as to C. Falcon, the defendant, and that said suit is prematurely brought as to this defendant.

On the day said cause proceeded to trial, to wit, January 19, 1926, plaintiff filed written dismissal of the cause of action as to the defendant W. C. Falcon, and thereupon plaintiff offered and introduced in evidence, without objection, the notes in controversy, and rested. The defendant C. Falcon then introduced evidence on his behalf, the material part of which was objected to by plaintiff. These matters will be presently noted, but certain legal propositions should first be reviewed.

We are first confronted with what are termed "inconsistent

defenses." Under the statute, "inconsistent defenses may be stated in the same answer or reply, and when a verification is required, it must be to the effect that the party believes one or the other to be true, but cannot determine which." Section 11199, Code of 1924. A verification was not required in this case.

It is apparent that the defendant did plead inconsistent defenses. This was his right. *Heinrichs v. Terrell*, 65 Iowa 25. However, on the theory of logic that a thing either is or is not, we have held that the statutory provision does not permit inconsistent defenses when one is destructive of the other. *Crawford v. Nolan*, 70 Iowa 97; *Taylor v. Chicago, St. P. & K. C. R. Co.*, 76 Iowa 753; *Burns v. Chicago, Ft. M. & D. M. R. Co.*, 110 Iowa 385; *Seymour v. Chicago & N. W. R. Co.*, 181 Iowa 218. In the light of the record before us, this latter principle is not a matter of grievous concern here.

The first defensive plea is not that the notes are without consideration, but that the signature of C. Falcon thereon is without consideration. This is not true as a matter of law, since his signature to the notes in suit was affixed after the delivery of the notes by the original maker to the plaintiff, and after their due date, and without the consent or authorization of the original maker.

Under this state of the record, the act of C. Falcon in signing the notes released W. C. Falcon from liability thereon. It may not be said that no one was released from the original obligation, or that, unless a new consideration is shown, the payee occupied the same position after the signature was affixed as he did prior thereto. The defendant C. Falcon voluntarily assumed the obligation, and the legal effect of his act was to execute new notes at the time he subscribed his name, and, as a maker, he is liable in the absence of a pleaded and proved defense. *Dickerman v. Miner*, 43 Iowa 508; *Rhoades v. Leach*, 93 Iowa 337.

The Negotiable Instruments Statute provides that an instrument is materially altered when there is any alteration which changes the number or the relations of the parties, or by any other change or addition which alters the effect of the instrument in any respect; and further, where a negotiable instrument is materially altered without the assent of all parties

liable thereon, it is avoided, except as against a party who has himself made, authorized, or assented to the alteration, and subsequent indorsers. Sections 9585 and 9586, Code of 1924.

The signature of C. Falcon on the notes imports a sufficient consideration. The notes were signed by C. Falcon in August, 1923, after their due date. There was, at that time, a contract in existence between the payee and W. C. Falcon, the maker of the notes. See *Devoy & Kuhn C. & C. Co. v. Huttig,* 174 Iowa 357.

The numerical weight of authority sustains the view that the notes were altered by the addition of the name of C. Falcon to that of the sole original maker, W. C. Falcon, subsequent to their delivery, without the knowledge or consent of the original maker. See *Farmers' & Merch. Bank v. Parker,* 150 Tenn. 184 (263 S. W. 84, 35 A. L. R. 1253).

There was no plea of conditional delivery. Section 9476, Code of 1924. It is true that absence or failure of consideration is a matter of defense as against any person not a holder in due course. Section 9488, Code of 1924. But under the proof offered, the plea that said notes were not signed by the defendant C. Falcon at the time of their execution availed nothing to him.

The crux of this case, therefore, involves the defensive plea of an express oral contract between the defendant C. Falcon and the payee at the time the signature of C. Falcon was affixed to the notes. The defendant offered evidence, under proper and timely objection on the part of the plaintiff, that he had an agreement with the payee that the notes were not due and payable until the death of the defendant C. Falcon, the new maker. Was this evidence competent, and therefore admissible to establish his plea, which, in effect, was a plea in abatement that the notes were not then suable? In other words, is parol evidence admissible to contradict the statutory intendment, and thereby read into the written contract the oral understanding or agreement as pleaded by the defendant C. Falcon?

2. BILLS AND NOTES: execution: signing after maturity: effect: oral modification.

We are dealing with a negotiable instrument. Section 9467, Code of 1924, provides:

"Where an instrument is issued, accepted, or indorsed when overdue, it is, as regards the person so issuing, accepting, or indorsing it, payable on demand."

It is conclusively shown that the defendant C. Falcon affixed his signature to overdue notes. By that signature the notes then became payable on demand. The defendant, therefore, was under a legal obligation to perform, from which his promise is inferred, and the law may infer a promise even as against his intention.

The implications and intendments which the law attaches to signatures on negotiable paper make such indorsement the equivalent of a complete written contract which cannot be varied by parol evidence. *Nickell v. Bradshaw,* 94 Ore. 580 (183 Pac. 12, 11 A. L. R. 623).

The exceptions noted in *Dale v. Gear,* 38 Conn. 15 (9 Am. Rep. 353), are not within the purview of the facts or the law of the instant appeal. When the defendant C. Falcon signed the notes in suit and delivered same to the payee, they were in no sense executory, but were completed written contracts. As to the defendant C. Falcon the notes in suit were his notes, with the same legal effect as if they had been executed as renewal notes on the date he subscribed his name thereto; and by statute they were demand notes. He was not legally privileged to offer parol evidence to vary the terms of a contract imposed by law. He was presumed to know the law and the legal effect of his signing the instruments in question.

The objections offered by the plaintiff were sustainable in the first instance. Upon the conclusion of defendant's testimony, in view of the fact that timely objections had been made and certain rulings had been reserved on said objections, a motion to strike the objectionable evidence was made by plaintiff, and said motion was sustained. The motion was, in effect, to withdraw from the consideration of the jury the evidence which had been admitted over proper and timely objection; and in ruling on said motion the court simply recognized the fact that it had committed error in overruling plaintiff's objections, and that the objections should have been sustained when made. The plaintiff adopted a legal means to a legal end.

It is further contended by appellant that, in the absence of attack on a pleading, evidence to sustain a defense is competent, relevant, and material, and that, as neither of the pleaded defenses was attacked by motion, demurrer, or

3. PLEADING: legally insufficient defense: effect.

reply, it is immaterial whether the defenses, as a matter of law on proper attack, were good or

bad. It is a well recognized principle of the law adjective in this state that a legally insufficient defense unquestioned by motion, demurrer, or reply is good. *New Prague F. M. Co. v. Spears,* 194 Iowa 417, 437. However, we fail to discover the applicability of the principle to the instant record. The challenge in this case was properly made to the competency of the evidence offered to sustain the issues joined by the answer of the ·defendant. Had the evidence been admissible, plaintiff would not now be heard in this court to controvert the claim of appellant that it is immaterial whether the pleaded defenses were good or bad, in the absence of a timely and proper attack on the answer.

One further question may be noted briefly. The trial court denied to the defendant C. Falcon the right to amend his amended answer by striking therefrom the words "without the knowledge of the maker thereof, W. C. Falcon." This motion to amend was made by defendant after the cause had been tried upon the issues as·joined by the pleadings, and after the plaintiff had dismissed his cause of action as against the maker of the notes, W. C. Falcon. It is quite clear that the motion came too late. There was no abuse of discretion by the trial court in denying the defendant the right to amend his answer in this ·particular. The maker of the notes, W. C. Falcon, had testified, "I did not know about my father signing these notes until afterwards;" and this evidence remained unchanged in the record.

*4. PLEADING: amendments: changing issue after trial.*

It is the general rule that parties are bound by and estopped to controvert allegations or admissions in their own pleadings. In *Stearns v. Chicago, R. I. & P. R. Co.,* 166 Iowa 566, the question is asked:

"Is a party to a suit bound by his own testimony, which he does not, at any time, seek to correct or change during the course of the trial?"

The question is answered in the affirmative.

The sustaining of the defendant's motion to amend would have changed the theory of the case, and the law applicable thereto. We recognize that the trial court should be liberal in the matter of amendments to pleadings, but in this case it must be said that the defendant, by his own record, was estopped to change his position at the eleventh hour.

We reach the conclusion that the trial court properly

sustained the motion of the plaintiff for a directed verdict, and the judgment entered thereon is, therefore,—*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, VERMILION, MORLING, and KINDIG, JJ., concur.

ALBERT, J., dissents.