L. A. ANDREW, Receiver, Appellee, v. PELLA GOLF CLUB et al., Defendants, C. SMORENBURG, Appellant.

No. 42033.

OCTOBER 24, 1933.

REHEARING DENIED FEBRUARY 8, 1934.

George G. Gaass and McCoy & McCoy, for appellant.

Vander Ploeg & Heer, for appellee.

CLAUSSEN, J.— The Pella Golf Club was an unincorporated voluntary association. As its name suggests, it operated a golf course in or near Pella, Iowa. Any person could become a member of it who would pay its dues. Beginning with a small loan in 1928, the indebtedness of the club to the Security State Bank of Pella was gradually increased by additional loans until the total amount of its indebtedness evidenced by notes to said bank exceeded $1,100 in the early part of 1931. On May 23, 1931, a note signed "Pella Golf Club, C. Smorenburg, Treas.," in the sum of $1,100

was given to said bank and a small amount of cash was paid to reduce the obligations to $1,100, and the old notes were surrendered by the bank to appellant, Smorenburg. This action is brought against the club and Smorenburg personally on the $1,100 note. Upon the trial of the case a jury was waived and the cause was tried to the court, which entered judgment against Smorenburg for the amount due on the note and costs, and from such judgment Smorenburg appeals.

It is alleged in the petition:

"That the said Pella Golf Club is an unincorporated voluntary association and that the defendant C. Smorenburg is personally and individually liable for the amount due on said note."

At the close of the case plaintiff was permitted to amend the above-quoted paragraph to make the pleadings conform to the proofs by alleging the following:

"The plaintiff avers that the defendant C. Smorenburg is and was at and prior to the time of the execution and delivery of the note in suit a member of said Pella Golf Club and that upon and prior to the execution of said note the said defendant assented to, authorized and ratified the creation and incurring of the obligation represented in and by the said promissory note."

Such amendment was allowed over objection by appellant. Amendments made to conform the pleadings to the proofs are not permissible when the result of the amendment is to change the issues. The amendment is vague. If it is construed to be an allegation that Smorenburg authorized and ratified the creation and incurring of the original loans which were finally evidenced in the note sued on, the effect of the amendment is to change the issues, and in that event the amendment was improperly allowed. Cary-Platt v. Iowa Electric Co., 207 Iowa 1052, 224 N. W. 89; Fairley v. Falcon, 204 Iowa 290, 214 N. W. 538. If thus construed, the amendment is not apt for the purpose of conforming the pleadings to the proofs, for there is no evidence in the record to indicate that Smorenburg was a member of the club when such indebtedness was incurred or that he did anything in connection with the indebtedness of the club except to execute the note sued on. The record discloses that Smorenburg knew nothing of the indebtedness of the club until he attended the meeting at which he was directed as treasurer to

renew the note. At this meeting he took no part in the discussion, although he says the renewal was agreeable to him. But if the amendment be construed to be an allegation that Smorenburg, as a member of the club, assented to and authorized and ratified the execution of the note sued on, the action still is based on the note. If the amendment be thus construed, its allowance was proper, and the amendment then has significance and meaning as applied to the evidence in the record. We think the amendment must be construed in conformity with the last suggestion and so as to leave the action based on the $1,100 note.

The defendant pleaded, among other things, that he was not personally a maker of the note and that the note was executed by him as treasurer of the club with the express agreement between him and the bank that he should not be personally liable on the note, and claimed that in consequence of such agreement he was not personally liable on the note.

Appellant was not personally a maker of the note, and his exception to the action of the trial court in rendering judgment against him, notwithstanding that fact, must be sustained, for there are no facts and circumstances pleaded and proved which warrant judgment against him on the note on any other ground.

The cashier of the bank was an officer of the golf club and not only knew the character of its organization but was thoroughly familiar with its financial affairs. He was the officer of the bank with whom Smorenburg dealt at the time of the execution of the note sued on. It appears without dispute that Smorenburg refused to sign the note until assured by the cashier that his execution of the note, in the manner in which it was executed, should impose no personal liability upon him. In this situation there was no liability on the part of Smorenburg on account of the fact that the club was not a legal entity. Codding v. Munson, 52 Neb. 580, 72 N. W. 846, 66 Am. St. Rep. 524.

This action was instituted by the receiver of the Security State Bank of Pella, the bank to which the note was given. The receiver, of course, stands in the place of the bank and holds the note subject to whatever defenses were available against the bank. 14A C. J. p. 990, section 3232. The receiver is attempting to impose personal liability upon Smorenburg on a note executed by him in behalf of the club only, with the express agreement that the execution of the note should impose no liability upon him. The agreement between

the bank and the appellant that the note should impose no personal obligation upon appellant was valid. Shoe & Leather Nat. Bank v. Dix, 123 Mass. 148, 25 Am. Rep. 49. The bank could not enforce the note against Smorenburg personally, in violation of such express agreement, and neither can the receiver of the bank.

With the question of the liability of appellant as a club member for the original advances of money made by the bank to the club we are not now concerned. That question is not raised by the pleadings. Neither are we concerned with the question whether the oral agreement against individual liability on the part of Smorenburg is available to him as a defense. Plaintiff pleaded the nonexistence of the club as a legal entity as well as Smorenburg's membership in the voluntary association as a basis for liability on the note on his part. Upon the trial of the case plaintiff proved that the club was not a corporation. The defendant Smorenburg pleaded the oral agreement against individual liability. His pleadings were not assailed. The evidence establishing the oral agreement was received without objection, and it may be added that the trial court entered judgment against Smorenburg only because of the fact that he was a member of the club and assented to the creation of the obligation represented by the note. Appellee does not argue that such defense is not available to Smorenburg. The only question before us is whether the receiver of the bank can recover of appellant personally, upon a note of which he was not personally a maker, and in spite of the specific agreement that the note should create no personal liability. We hold that he cannot.

There is no dispute concerning the pivotal facts above set forth. Notwithstanding the fact that the action is at law, the judgment of the trial court may be set aside if it finds no support in the record. First Presbyterian Church v. Dennis, 178 Iowa 1352, 161 N. W. 183, L. R. A. 1917C, 1005. Such is the situation in this case. The foregoing discussion, in effect, disposes of all matters properly before us.

The judgment of the trial court is reversed.—Reversed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.