ROBERT WILHITE, Appellant, v. T. E. STERRETT, Defendant; RALPH E. JONES, Guardian, Defendant, Appellee.

No. 43654.

NOVEMBER 24, 1936.

Nelson Burns and Joseph C. Picken, for appellant.

Miller, Miller & Miller, for appellee Ralph E. Jones.

RICHARDS, J.—The petition in this action at law declared upon two promissory notes payable to plaintiff, purporting to have been signed by defendant T. E. Sterrett and by Perry Sterrett, the latter being the incompetent ward of defendant Ralph E. Jones, guardian. Defendant T. E. Sterrett neither appeared nor plead to the petition. The guardian filed answer. There was a trial to a jury. The issues were such that it was incumbent on plaintiff to prove that the alleged signatures of Perry Sterrett

on the notes were genuine. The only evidence as to the genuineness of the signatures was the testimony of plaintiff. This testimony was but the relating of personal transactions between plaintiff and the ward excepting one phase thereof which is later mentioned in this opinion. After plaintiff rested his case in chief the court struck from the record all the testimony of plaintiff as to personal transactions or communications between him and the ward. Defendant guardian then offered his evidence and therein appears no testimony establishing the genuineness of the disputed signatures. No further evidence was offered. An affirmative defense plead by the guardian was want of consideration. On this issue there was testimony that the notes were given by T. E. Sterrett for loans made to him by plaintiff, and that one note did not have thereon the alleged signature of Perry Sterrett during a period of six months after the note had been executed and delivered to plaintiff by defendant T. E. Sterrett. There was also evidence that the amount of that note had been paid by plaintiff as a loan to T. E. Sterrett at about the date of the note's said delivery. In this state of the record the court on plaintiff's motion directed a verdict for plaintiff and rendered judgment thereon. Afterwards defendant guardian filed a motion to set aside this verdict and judgment, and for new trial. This motion was sustained. From that ruling plaintiff has taken this appeal.

When the court directed the verdict and entered judgment against the guardian on the two notes, there was in the record no evidence to establish the genuineness of the ward's signature upon one of the notes, because plaintiff's testimony with respect to the alleged signature on that note is wholly a recital of personal transactions between plaintiff and the ward, and such evidence had been stricken. In testifying regarding the other note, the phase of plaintiff's testimony that was reserved in the earlier part of this opinion for later mentioning, consists of a statement that he, plaintiff, was familiar with the ward's handwriting. Whether the competency of the witness was established is more or less a question. But be that as it may, the witness appears to have related the personal transactions as his answers to questions whether the signature on this other note was the ward's, rather than any information or opinion the witness may have had by reason of his alleged knowledge of the handwriting of the ward. It thus appears that when the court directed the verdict

there was a lack of testimony as to the genuineness of the ward's signature upon one note, and the testimony with respect to the signature upon the other note was by no means conclusive and if anything it presented only a jury question. It is also evident that there had been introduced testimony tending to establish the defense of a want of consideration. We are satisfied this state of the record was sufficient, without more, to warrant the trial court to exercise its discretion as it did, by setting aside the judgment and awarding new trial, when the trial court could well have concluded that there had been error in directing the verdict. It cannot be said that there was abuse of discretion by the trial court. It is appellant's argument that the rule laid down in Fairley v. Falcon, 204 Iowa 290, 214 N. W. 538, determines in this case the question of consideration. To consider favorably such contention it would be necessary at the outset to inject facts not in the record in the instant case. Were appellant's position tenable, there still would remain the condition of the evidence with respect to the genuineness of the signatures.

The ruling of the trial court is affirmed.—Affirmed.

PARSONS, C. J., and HAMILTON, STIGER, ANDERSON, DONEGAN, and KINTZINGER, JJ., concur.