JOSEPH F. BEH, Appellant, v. M. J. VAN NESS, Appellee.

**BILLS AND NOTES:** Consideration Imported and Proven. A promissory note imports a consideration; but, when the plaintiff in an action on the note gives testimony tending to establish what the consideration was in fact, the law will imply no other or different consideration. Evidence held to support a verdict finding want of consideration.

*Appeal from Shelby District Court.*—EARL PETERS, Judge.

DECEMBER 14, 1920.

ACTION upon two promissory notes, bearing date February 27, 1914, for $814.18 and $58.50, respectively, payable to plaintiff and signed by F. N. and M. J. Van Ness, husband and wife. Trial was had to a jury, which resulted in a verdict for the defendant, and plaintiff appeals.—*Affirmed.*

*Cullison & Cullison,* for appellant.

*Thomas H. Smith,* for appellee.

STEVENS, J.—It is conceded that signatures to both notes were written by F. N. Van Ness, who was the husband of defendant, and who was deceased at the time of the commencement

of this action. The defendant denied the execution of the notes, and averred that, if the same were signed by her husband, no consideration was received therefor. At the conclusion of all the testimony, plaintiff moved the court to withdraw the issues of payment and want of consideration. The motion was sustained as to the issue of payment, but otherwise overruled.

The court submitted to the jury the issue of want of consideration, and the question of the authority of F. N. Van Ness to sign the name of defendant to said notes. It is admitted by counsel for appellant that the latter issue was properly submitted to the jury, but they contend that the plea of want of consideration is wholly without support in the evidence, and should have been withdrawn. This presents the only question for our consideration. Defendant at one time owned, and resided with her husband on, a farm near Portsmouth, in Harrison County, Iowa, but later owned, and resided with her husband upon, a farm of 380 acres near Moorhead, Iowa. Her husband was without separate property. During a portion of the time covered by the numerous transactions between the parties, plaintiff was engaged in the mercantile and loan business at Harlan, Iowa. The record discloses that the defendant and her husband obtained a good many loans of or through plaintiff, who claims that the consideration for the notes arose out of these transactions. The defendant, testifying upon her own behalf, denied that she received any consideration therefor, and that she ever knew thereof until after the death of her husband, which occurred in 1917; and she further testified that she had a conversation with plaintiff in 1911, upon an occasion when she and her husband executed a note for $3,000, and a mortgage upon her farm to secure the payment thereof, in which he stated that they were square up to date, and that everything was then settled between them.

Plaintiff, testifying as a witness in his own behalf, undertook to state the consideration for the note. He testified that it was given for commissions upon loans, interest advanced by him, taxes paid, and, perhaps, expense of procuring abstracts. His testimony as to the several items of commission earned, together with taxes and interest paid, is very indefinite, and not wholly consistent. In a letter ad-

dressed to the defendant, and bearing date February 23, 1917, plaintiff stated that the note originated from the first loan made by him to the defendant and her husband. It appears from his testimony, however, upon cross-examination, that no part of the consideration arose out of the first loan made, which was in 1902, unless, possibly, a commission of $20. A complete settlement between the parties was had, February 23, 1903. Plaintiff, on April 14, 1914, which was after the notes in suit were executed, rendered a statement to defendant, showing a balance due of 10 cents. Neither of the notes in controversy is referred to in the statement, but they were not then due. According to the testimony of defendant, the proceeds of a loan of $3,000 in 1911 were applied first to the payment of a note for $1,500, executed March 10, 1909, to the Wolcott Savings Bank, and the balance was retained by plaintiff, upon sums claimed to be due him.

Referring to this transaction, the defendant testified:

"The only time he ever claimed a balance due him when we settled was in 1911, when we gave him the $3,000 mortgage. There was a mortgage of $1,500 on the place, and we took that up, and gave him a $3,000 mortgage. He did not pay us any money then at all. He claimed the difference between the two mortgages we owed him. He said it was for one thing and another. He said it was on the back settling up of the papers. He had never made any claim of that kind before, and I did not know of anything being back. I then asked him if that was all; and he said, 'This straightens up everything.' Everything with him and me. I never had any other transaction with him, up to February, 1914. I never had any other business with him after 1911, in the way of getting new loans."

The interest due upon the notes executed by defendant and her husband was all paid by them after 1911; but plaintiff testified that he may have advanced a portion of the money used for that purpose, but he was not clear upon this point. He also testified that a part of the consideration for the note was money advanced in payment of a small judgment against the defendant. It is, of course, immaterial whether the consideration for the notes was commissions earned by plaintiff, or money advanced to defendant and her husband for the payment of taxes, interest,

expense of abstracts, or in satisfaction of a judgment. The ultimate question is not what constituted the consideration for the notes, but whether there was, in fact, a consideration therefor. The cross-examination of plaintiff developed that he had recently, and after he knew that defendant was claiming that, if the notes in suit were, in fact, executed by her husband, they were without consideration, shipped his books of account, in which it is claimed the transactions are shown, to Des Moines, and declined to produce them upon the trial. Perhaps his refusal was due to the trouble, inconvenience, and delay of having them returned from Des Moines; but this circumstance, together with plaintiff's inability to state definitely many of the items constituting the consideration for the notes, coupled with the testimony of the defendant relating to the alleged settlement in 1911, was proper to be considered by the jury upon the question whether or not the notes were supported by a consideration, and was evidently deemed sufficient by the jury to sustain the defense.

Counsel for appellant practically concede that the testimony of defendant was sufficient to justify the submission of this issue to the jury, so far as she was concerned, but rely upon the well-established rule that, to sustain this defense, the burden rested upon her to also show that no consideration passed to her co-maker. *Roberts v. Roberts*, 176 Iowa 610.

Our attention is also called to Section 3069 of the Code, which provides that all contracts in writing, signed by the party to be bound or by his authorized agent or attorney, import a consideration. It appears without dispute in the testimony that defendant owned the farm upon which she and her husband resided; that the several loans obtained through plaintiff were secured by mortgage upon her farm, and that she, as well as her husband, was obligated to pay the commission and interest thereon; that, if there was a consideration for either of the notes, it arose out of some or all of these numerous transactions. There is no evidence that F. N. Van Ness received a separate or independent consideration for the notes, and plaintiff is not aided upon this point by the provisions of the statute referred to. By taking the stand in his own behalf, and testifying that the consideration of the notes was commissions earned or money ad-

vanced by him in the payment of interest, taxes, and other expenses pertaining to the loans negotiated by him for the defendant and her husband, he is bound by his testimony. The law will not import a different or other consideration. It follows, therefore, that the testimony of the defendant in 1911 must not be, limited to the alleged settlement between the immediate parties to this suit; but it is applicable as well to the transaction between plaintiff and F. N. Van Ness. The testimony of plaintiff was sufficient, if believed by the jury, to show that the notes were executed for a valuable consideration; but the record as a whole presented an issue of fact as to whether a consideration for either of the notes passed to the defendant or her husband. The question is a close one, and possibly, if the case were triable *de novo*, we might not agree with the verdict; but this does not entitle plaintiff to a reversal.

There was some evidence offered by the defendant upon the issue of want of consideration, and we think it was sufficient to justify the submission thereof to the jury. Defendant denied that her name was signed to either of the notes with her knowledge or authority. This question, counsel concedes, was properly submitted to the jury. We find no reversible error in the record, and the judgment below is—*Affirmed.*

WEAVER, C. J., LADD and ARTHUR, JJ., concur.