CHARLES CONNER, Appellee, v. FRANK HENRY, Appellant, et al., Appellee.

OCTOBER 18, 1927.

REHEARING DENIED JANUARY 20, 1928.

*Chester W. Whitmore,* for appellant.

*Starr & Jordan,* for appellee.

WAGNER, J.—This is an action upon a promissory note for $1,000, dated March 1, 1918. In the original petition it is averred by the appellee that, on or about said date, the defend-ants, together with one D. H. King, made and delivered said note to the appellee. Prior to the time of the commencement of this action, D. H. King was adjudged a bankrupt, and this suit was prosecuted only as against the appellant and the administrator of the H. C. Linder estate. In an amendment to the petition, the appellee alleges:

"That the note sued on was executed as an obligation for the repayment of a loan made by plaintiff to one D. H. King, on

or about March 1, 1918, in the sum of $1,000, and pursuant to an oral agreement and promise by said D. H. King that the defendant Frank Henry would sign the note as surety. That thereafter, the said Frank Henry did sign said note, as surety for said D. H. King, but plaintiff is unable to state the exact date when said Frank Henry signed said note.''

The appellant, on October 13, 1926, subsequent to the time of the filing of his answer, filed a motion, in which he states that by his verified answer he challenges the genuineness of his signature to the note, and asked that that portion of the foregoing amendment, to wit, ''and pursuant to an oral agreement and promise by said D. H. King that the defendant Frank Henry would sign said note as surety,'' be stricken. This motion was by the court sustained.

On a subsequent date, to wit, December 2, 1926, the appellant filed another motion, in which he asked the court to strike from the foregoing amendment that portion thereof reading ''that thereafter, the said Frank Henry did sign said note as surety for said D. H. King, but plaintiff is unable to state the exact date said Frank Henry signed said note.'' This second motion was by the court overruled, and appellant complains that this ruling by the court was error. This complaint is manifestly untenable. The motion which was overruled by the court was a second motion, assailing the same pleading. A motion after a motion of the same kind assailing the same pleading is not allowable. Section 11135, Code of 1924; *Riddle v. Backus,* 36 Iowa 430; *Sloanaker v. Howerton,* 182 Iowa 487. Moreover, under the issue raised by the appellant's answer, to wit, the genuineness of his signature, the time of his signing the note, if he did sign it, is immaterial. Evidence as to when the note was signed was admissible, had there been no averment as to the date of his signing in the appellee's petition or amendment thereto. The complaint of the appellant in this respect is devoid of merit.

The court, in instructions to the jury, submitted the issue raised by appellant's answer, as to whether or not the defendant signed the note. The appellant complains that the court committed error in telling the jury, in one of the instructions:

''If you find that the defendant Frank Henry did sign the

note, it is not material in the case whether he signed it on March 1, 1918, or at some later date.''

The genuineness of the signature of appellant being the sole issue in the case submitted to the jury, it could in no way be material when the appellant signed the note, and the court  properly instructed the jury that, if he did in fact sign the note, then he is liable thereon, even though such signature was placed upon said note at some time subsequent -to the date of the note.

It is argued by the appellant that the foregoing quoted instruction withdrew from the consideration of the jury the time when the note was signed, as an element to be considered in  determining the credibility of the appellee, who testified that he saw the appellant sign the note, when, according to the appellant's testimony, it was, perhaps, an impossibility that the appellant signed the note at the time when the appellee testified that he saw the appellant sign it. The proposition now urged was not raised in the lower court, in the exception to said instruction.

"All such exceptions shall specify the part of the instructions as excepted to, or of the instructions requested and refused and the grounds of such exceptions." Section 11495, Code of 1924.

The court, in another instruction, properly instructed the jury as to the credibility of the witnesses. The foregoing instruction, of which complaint is made, was clearly correct, not conflicting with any other paragraph of the court's charge, and did not refer to the credibility of the witnesses. The complaint as to said instruction is without merit. *State v. Weber*, 204 Iowa 137.

The appellant assigns as error the refusal of the court to give a requested instruction as follows:

"As bearing upon the question of whether or not Frank Henry *signed* the note in question, you may take into consideration whether or not, as between him and Conner, there was any consideration moving to Henry for his signature.''

The appellant in his argument states:

"It is true that appellant's request is awkwardly worded,

in mistakenly using the verbal inaccuracy of 'signed,' instead of 'is liable on.' "

It is contended by the appellant that, since all of the testimony in the case relative to the time of the signing of the note by the appellant establishes the fact that the note, if signed by  the appellant, was signed after the first day of March, 1918, there is no consideration for the appellant's liability as surety. The conclusive answer to this contention of the appellant's is that there is no question of want of consideration in the case. The note itself imports a consideration. The note in suit is a negotiable instrument, and every person whose signature appears thereon is deemed *prima facie* to have become a party thereto for value. Section 9484, Code of 1924. There is no allegation in the appellant's answer of want of consideration for the note or for the liability of appellant as surety. The defense alleged in his answer is that the signature attached to the note is not his genuine signature.

It is true that a party who signs a note after its execution, delivery, and acceptance is not liable to the payee when there was no consideration for such signing, either in the form (1) of some advantage to some of the signers, or (2) of some disadvantage to the payee, or (3) of an agreement, at the time of the original execution and delivery, that the note would be so signed. *Merchants St. Bank v. Roline,* 200 Iowa 1059; *Northern Tr. & Sav. Bank v. Ellwood,* 200 Iowa 1213.

The appellee, before trial, filed the amendment to his petition hereinbefore set out, and the appellant, by his first motion hereinbefore referred to, obtained a ruling by the court, striking from the amendment that portion thereof as follows:

"And pursuant to an oral agreement and promise by said D. H. King that the defendant Frank Henry would sign said note as surety."

By this ruling by the court, invoked by the appellant himself, that portion of the amendment pleading a consideration was stricken.

The appellant, in his first requested instruction, asked the court to instruct the jury that there is only one issue in the case. He asked the court to instruct the jury:

"If you find that Mr. Henry did sign the note, then your verdict must be against him."

The case was tried in the lower court on no theory other than that the sole issue in the case was as to whether or not the defendant signed the note. He is in no position to now urge want of consideration.

It is also contended by the appellant that the verdict is contrary to and not supported by the evidence. The appellee testified positively that he saw the appellant sign the note. The appellant testified in equally positive manner that he did not sign the note. A number of admitted or proven signatures were introduced in evidence, for comparison by the jury. There was testimony of experts, both for the appellant and the appellee, by comparison of the signature on the note with the admitted or proven signatures of the appellant. The evidence was in conflict, and presented a jury question. The jury was properly instructed, and found against the appellant.

The appellant also urges as error rulings of the court on objections to testimony. We have carefully considered all of the same, and find, with reference thereto, that the rulings of the court were correct, or not prejudicial to the appellant.

The judgment of the trial court is—*Affirmed.*

EVANS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.