## In re Estate of John V. Burke, Deceased, Appellant, v. Mary A. Sullivan, Claimant, Appellee.

### Gen. No. 31,886.

1. NEGOTIABLE INSTRUMENTS—*when plaintiff has burden to prove execution and delivery*. A plea that the alleged maker of a note did not make and deliver it to the holder requires the holder to prove execution and delivery.

2. NEGOTIABLE INSTRUMENTS—*evidence making prima facie case*. The holder of a note makes out a prima facie case in an action on the note by proof that defendant's decedent executed it and delivered it to the holder.

3. NEGOTIABLE INSTRUMENTS—*evidence of mental incapacity of maker as overcoming prima facie case*. Evidence that the maker of a promissory note was of unsound mind at the time he executed and delivered it to the holder did not overcome the holder's prima facie case and require the holder to introduce evidence of the consideration, where the holder had no knowledge of any insanity prior to or at the time of the execution and delivery and there was no proceeding to declare the maker insane.

4. INSANE PERSONS—*validity of note*. A note is not necessarily void merely because it was made, executed and delivered by a person of unsound mind.

5. INSANE PERSON—*right to rely upon presumption of sanity.* In the absence of a proceeding to declare an individual insane, persons dealing with such an individual have the right to rely upon the legal presumption that the person is sane and capable of transacting business.

6. INSANE PERSON—*knowledge of insanity as affecting validity of transaction.* In the absence of a proceeding to declare an individual insane, a transaction with such a person is valid unless knowledge is brought home at or prior to the transaction that the person with whom the transaction is made is of unsound mind.

7. NEGOTIABLE INSTRUMENTS—*admissibility of evidence of insanity of maker.* In an action at law on a note against the administrator of the maker, evidence was properly stricken out that the maker was of unsound mind at the time of the execution and delivery, there being no proceeding to declare the maker insane and the holder having no knowledge of any insanity of the maker at or before the execution and delivery of the note.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1927. Affirmed. Opinion filed January 18, 1928.

JACOB BERG and JAMES C. O'BRIEN, for appellant; JOHN OWEN, of counsel.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

This cause originated on a claim in the probate court, based upon a promissory note signed by the deceased, John V. Burke, in favor of the claimant, Mary A. Sullivan, for the sum of $50,000. The claim was allowed in the probate court and thereupon the administrator, Greenebaum Sons Bank & Trust Company, perfected their appeal to the circuit court of Cook county; and filed therein a certain plea, to the effect in substance, that the deceased, John V. Burke did not make and deliver the note in question to the said Mary A. Sullivan. The cause came on to be heard in the circuit court before a jury, with the result that the

jury found the issues in favor of the claimant and assessed her damages at the sum of $50,000, with interest in the further sum of $5,683.    Judgment was entered on the verdict and from that judgment this appeal has been perfected.

Certain testimony was introduced by the estate of the deceased on the hearing before the trial court, and at the close of the evidence, on motion of counsel for claimant, this evidence was stricken out by the court, and this action of the court is the only question for our consideration.

The testimony shows and the jury so found, that the note in question was signed by the deceased in December, 1924, in the presence of a Mrs. Nellie Gregory and a David Simon, both of whom testified to that fact in the proceedings.    The testimony further shows that the note in question, after having been signed, was, later on the same evening in December 1924, given to the claimant at her home in the city of Chicago.

By the filing of the plea it devolved upon the claimant to prove the execution and delivery of the note. This was done and there is no evidence in the record disputing this particular fact.    The note itself imports consideration, and after the proof of the making and delivery, claimant had made out a prima facie case. The Negotiable Instruments Act, Cahill's St. ch. 98, ¶ 44; *Grimm v. Lienemann,* 196 Ill. App. 620; *Allen v. Estate of Allen,* 217 Ill. App. 260.

The estate introduced no testimony on the question of consideration, nor did it introduce any evidence in contradiction of the execution and delivery of the note.    The only evidence introduced by the estate was certain evidence—as already stated—bearing on the question of the mental condition of the deceased, at the time of the execution and delivery of the note. It is argued by counsel for the estate that by the introduction of this testimony the prima facie case of the

claimant was overcome and it became necessary for the claimant to thereupon introduce evidence of consideration. With this we cannot agree. In the first place, it was not the province of the court to decide, under the issues, when it became the duty of the claimant to prove consideration; and in the second place, if the question was left to the jury, with the record in this condition, it would have been impossible for the jury to pass upon the question, because, even though the deceased might have been of unsound mind at the time of the execution and delivery of the note, it nevertheless may have been given for a good consideration and would have been good under the law. The mere fact that a note is made, executed and delivered by a person of unsound mind, does not necessarily make the note void. Moreover, the note was given in December, 1924, and there is nothing in the testimony on behalf of the estate which shows that the deceased was incapable of transacting business prior to December of that year. In the absence of proceedings to declare an individual insane, persons dealing with such an individual have the right to rely upon the legal presumption that such individuals are sane and capable of transacting business. Persons dealing with such an individual, under such conditions, have the right to rely upon this legal presumption and their transactions are valid unless knowledge is brought home to them at or prior to the transaction that the person with whom the transaction is made is not of sound mind. There is no evidence in the record, whatever, that such knowledge was brought home to the claimant in this proceeding, prior to or at the time of the giving and the execution of the note. *Walton v. Malcolm,* 264 Ill. 389. If the administrator of the estate was of the opinion that the note had been given by the deceased at a time when he was *non compos mentis,* the proper procedure would have been for the administrator to have filed a proper bill in a court of chancery, setting up

these facts and offering to return what, if anything, had been received by the deceased as a consideration for the note, or charging specifically that nothing had been received by the deceased; and asking to have the note cancelled and the claimant restrained from transferring or attempting to negotiate the same.  The case of *Walton v. Malcolm, supra,* we believe is decisive of the case at bar.  In that case it appears that the plaintiff, Walton, brought an action of ejectment in the circuit court of Coles county against the heirs of the defendant.  The plaintiff claimed possession under a deed executed by the deceased under whom the heirs then in possession claimed.  The heirs attempted to set up in defense of this ejectment action, that the grantor to the plaintiff was of unsound mind at the time that he executed the deed.  Counsel for plaintiff in error contended that the deeds could not be attacked by evidence as to the lack of competency to execute them, and that the only remedy, if there was a remedy, was an action in equity.  The court in its opinion holds that the legal presumption is that persons of mature age are sane until found otherwise, and further, that a contract made with a lunatic, in good faith, and without any advantage taken of his condition, and for his own benefit, is valid both in equity and at law; and that under such circumstances even a court in equity would not set aside such a transaction.  The court in its opinion at pages 396–397 says:

"The reasons usually urged why a court of law, in ejectment proceedings, should not permit evidence of the person's mental incompetency is, that the interests of all the parties cannot be adjudicated in that proceeding as they can be adjusted and protected in a proceeding in equity.  In an ejectment proceeding the court can only find for the plaintiff or the defendant.  It cannot place the parties in their original position by settling the question of rents and profits or by inquiring into the question of consideration paid.  A

court of equity can do all these things and see that complete justice is done between the parties, according to the circumstances of the case.

"Counsel for the defendants in error insist that there is no question of consideration in this case. The deeds recite consideration, and that recital is *prima facie* evidence that the grantor received the amount named. (*Howell v. Moores*, 127 Ill. 67; see, also, *Redmond v. Cass*, 226 id. 120.)"

We are of the opinion that the learned trial judge did not err in striking the testimony as to the mental condition of the deceased from the record and submitting the cause to the jury on the only competent testimony there was for their consideration.

We have examined the cases cited by counsel for the estate and find that in most instances they are cases which have arisen on a bill or cross-bill in chancery or cases where the defense has been made by a minor and which of course would not be governed by the same rules of procedure as would arise under facts such as are involved in this case.

For the reasons stated in this opinion, the judgment of the circuit court will be affirmed.

*Judgment affirmed.*

TAYLOR, P. J., and HOLDOM, J., concur.