PERSIA SAVINGS BANK, Appellant, v. E. O. WILSON, Administrator, Appellee.

No. 41032.

994

William P. Welch and Robertson & Wolfe, for appellant.

Prichard & Prichard and B. H. Morrison, for appellee.

KINDIG, J.—William C. and Hattie Wilson, husband and wife, on June 1, 1925, borrowed from the Persia Savings Bank, the plaintiff-appellant, $3,300. For the purposes of that loan, the borrowers executed two promissory notes payable to the bank. One, for $600, became due June 1, 1926, and the other, for $2,700, matured June 1, 1928. These notes were secured by a second mortgage on certain real estate. This second mortgage was subject to a first mortgage of $7,500. Apparently the payment on the $600 note was extended so that both notes matured on June 1, 1928. A new note for $3,300, dated June 1, 1928, was executed by William C., Hattie, and J. E. Wilson for the purpose of renewing the indebtedness on the two old notes which, as before explained, had matured but had not been paid. Such last-named note was also secured by a new second mortgage upon the same land subject to the aforesaid first mortgage.

William C. and Hattie Wilson signed this last-named note October 30, 1928. There is a dispute, however, concerning the date on which J. E. Wilson affixed his signature thereto. The appellant claims that J. E. Wilson executed the note November 7, 1930. It is urged by the appellee in his answer, however, that J. E. Wilson did not sign the note on that date, but rather placed his name thereon after the transaction between the appellant and William C. and Hattie Wilson had been fully closed. Hence the appellee contends that there was no consideration for the signature of J. E. Wilson. J. E. Wilson died on November 10, 1928, and E. O. Wilson became the duly appointed, qualified, and acting administrator of the J. E. Wilson estate. Said ad-

ministrator is the defendant-appellee in the present controversy. When the last-named note was filed by the appellant as a demand against the estate, the appellee refused to pay the same on the theory that there was no consideration for the signature of J. E. Wilson thereon.

By way of amendment to its petition, the appellant specifically pleaded a particular consideration as follows: That when the two original notes, aggregating $3,300, became due the appellant refused to extend the time of payment thereof unless additional security were given. Then it is alleged by the appellant that thereafter "the makers of said notes (William C. and Hattie Wilson) advised (the appellant) that J. E. Wilson would be in the town of Persia * * * within a few days and that he would sign as security for the said William C. Wilson and Hattie Wilson; that thereupon the note and mortgage herein sued upon (the renewal note and the mortgage securing the same) was signed and acknowledged by the makers and deposited at said bank to await the execution of the note by the said J. E. Wilson when he arrived; that thereafter and on the 7th day of November, (1928), the said J. W. Wilson called at said bank in company with William C. Wilson and in consideration of claimant extending the time of payment of said debt signed the note in suit; that thereupon the two prior notes held by said bank were withdrawn as bills receivable of said bank and the note in suit was delivered to claimant and accepted by claimant in payment thereof."

Upon the issues thus raised by the petition and the answer, the cause was submitted to the jury and that body returned a verdict for the appellee. Accordingly, a judgment was entered and the appellant appeals.

I. At the outset, it is contended by the appellant that the district court erred in failing to sustain its motion for a judgment notwithstanding the verdict. Underlying this contention is the thought that appellee's answer did not plead a defense.

No defense was pleaded, the appellant contends, because the answer simply stated as a mere conclusion that there was no consideration. See Benton v. Morningside College, 202 Iowa 15. So, the appellant asserts that the district court should have sustained its motion for a judgment notwithstanding the verdict.

In response to the appellant's contention, the appellee argues that the former did not attack the answer by motion or demurrer, but went to trial on the apparent issues raised by the answer, and therefore waived its right to insist upon the motion for judgment notwithstanding the verdict. Section 11145 of the 1931 and 1927 Codes, provides:

"No pleading shall be held sufficient on account of a failure to demur thereto."

Following that section, are Sections 11150 and 11554 of the same Codes. Section 11150 contains the following provision:

"When any petition, cross-petition, or counterclaim fails to state a cause of action, or any answer or reply a defense, advantage may be taken thereof by a motion in arrest of judgment, numbering and specifying the grounds thereof."

Section 11554 continues with the following statement:

"Either party may file a motion in arrest of judgment, where the pleadings of the prevailing party wholly fail to state a cause of action or a complete defense, and a verdict has been returned in his favor."

Obviously, under the foregoing legislation, the mere failure to demur is not in itself sufficient to cause the party having a right thus to plead, to forfeit his privilege, otherwise possessed, of filing a motion for a judgment notwithstanding a verdict. See Millard v. Curtis, 208 Iowa 682.

Nevertheless, in the case at bar, the appellant has no just ground for complaint because the district court overruled its motion for a judgment notwithstanding the verdict. As said in Eilers v. Frieling, 211 Iowa 841 (local citation 844):

"While, perhaps, the (answer) * * * may not be considered a model, and could have been more specific, yet it cannot be said that it wholly fails to state a defense, within the purview of the provisions of Section 11554 of the Code * * *."

It is to be remembered that the appellant in its petition stated a specific and certain consideration. Because the petition contained a statement of a definite and certain consideration, the law will not presume that there was any other or different consideration. Beh v. Van Ness, 190 Iowa 151 (local citation, 155).

Likewise, because the appellant pleaded a definite and certain consideration, it cannot now rely upon some other or different consideration. Blain v. Johnson, 201 Iowa 961 (local citation 966-7).

The answer was directed at that petition thus limited and confined. When so directing his answer, the appellee stated therein that the note in question was not signed on the date claimed in the petition, but at a later time after the instrument had been executed and delivered by William C. and Hattie Wilson. A fair construction of the answer is that because of the fact just related the signature of J. E. Wilson on the note was without consideration. Under the circumstances, and in view of the specific consideration pleaded by the appellant, the answer was sufficient to raise the question of no consideration. Thus the answer was interpreted by the appellant itself during the trial. Immediately after the trial commenced, the appellant sought an admission from the appellee that the only issue raised in the answer was one of no consideration. At other instances during the trial, the appellant also indicated that the issue of no consideration was before the court.

Finally, in a motion for a directed verdict, the appellant asked such relief on the theory that the issue of no consideration had not been proven. Consequently it is apparent that the appellant itself interpreted the answer during the trial as sufficient to raise the defense of no consideration. Therefore, under all the circumstances the district court did not err in overruling the motion for a judgment notwithstanding a verdict.

II. Assuming the adequacy of the answer, the appellant declares, nevertheless, that the evidence was not sufficient to sustain that pleading.

Again the appellant's contention is without merit. Witnesses for the appellant testified that William C. and Hattie Wilson signed the last-named note and mortgage on or about October 30, 1928, but that J. E. Wilson did not affix his signature thereto until November 7, thereafter. This delay on the part of J. E. Wilson, the appellant maintains, was contemplated by the agreement between the parties. On the other hand, the appellee's witnesses declared that no agreement or understanding existed under which J. E. Wilson's signature was to be placed upon the note. Both William C. and Hattie Wilson tes-

tified to this. They said that neither of them had asked J. E. Wilson to sign the note, and they did not know that he was going to do so. So, too, these witnesses declared that neither of them heard any officer or employee of the appellant bank ask J. E. Wilson to sign the note. Furthermore, these witnesses said that the appellant did not demand the signature of J. E. Wilson on the note. Some demand for additional security, these witnesses say, was originally made by the appellant. In response thereto, William C. Wilson declares that he refused any additional security and told the officers of the bank that the second mortgage held by the appellant was sufficient security for the indebtedness. Appellant, according to the appellee, finally abandoned its demand for further, and accepted the original, security. According to the appellee's testimony, then, there was no agreement or understanding that J. E. Wilson should sign his name to the note. Moreover, the Wilsons testify that they signed and delivered the note to the appellant and that the same was accepted without additional security. That was before J. E. Wilson had signed the note. Consequently, under the issues raised, there is a conflict of evidence and the jury's verdict thereon cannot be interfered with by this court.

But it is said by appellant that although there was an issue on the disputed facts, nevertheless the record does reveal a consideration about which there is no controversy. Apparently it is appellant's thought at this place that if J. E. Wilson signed the note without the knowledge or consent of William C. and Hattie Wilson, that thereby the latter were released as makers of the instrument. Such release of the original makers, it is claimed, would amount to a consideration for J. E. Wilson's signature.

"A party who signs a note after its execution, delivery, and acceptance is not liable to the payee when there was no consideration for such signing, either in the form (1) of some advantage to some of the signers, or (2) of some disadvantage to the payee, or (3) of an agreement, at the time of the original execution and delivery, that the note would be so signed." Conner v. Henry, 205 Iowa 95.

See, also, Nolte v. Nolte, 211 Iowa, 1289 (local citation, 1293). The following cases are to the same effect: Hiatt v.

Hamilton, 215 Iowa —; Northern Trust & Savings Bank v. Ellwood, 200 Iowa 1213; Merchants State Bank v. Roline, 200 Iowa 1059.

There is, nevertheless, an apparent exception to the foregoing rule. If the party thus placing his belated signature upon the note does so under such circumstances as to relieve the makers, he may, under proper conditions, become liable himself. In such event the consideration is the release of the other parties. This principle is "placed upon the ground that the addition of another name to a note is a material alteration, which will discharge the original parties not consenting thereto, and without inquiry whether the alteration is injurious or beneficial to them, and that the person so executing the note makes it his own, and that it is, in effect, the execution of a new note." Rhoades v. Leach, 93 Iowa 337 (local citation 339).

To the same effect see Dickerman v. Miner, 43 Iowa 508; Briggs v. Downing & Matthews, 48 Iowa 550; Blain v. Johnson (201 Iowa 961), supra; Fairley v. Falcon, 204 Iowa 290. See, also, Schram v. Johnson, 208 Iowa 222.

These principles of law are clearly set forth in the cases above cited, but the appellant is not in a position to avail itself thereof because of its limited pleading. As before explained, the appellant specifically pleaded a definite consideration. Therefore, it must rely upon that consideration and none other. Beh v. Van Ness (190 Iowa 151), supra; Blain v. Johnson (201 Iowa 961), supra. The issue, then, now contended for by the appellant because of the pleadings is eliminated from the record.

Under these circumstances, the district court properly submitted to the jury the only issue raised by the pleadings.

III. A complaint is also made because the district court wrongfully submitted to the jury an alleged issue as to whether the note was signed by J. E. Wilson on November 7, 1928. That assignment of error, however, is not well based upon the instructions actually given to the jury.

It is apparent that the district court did not submit that question to the jury as an issue. As before explained, the appellant in its petition pleaded that the note was signed by J. W. Wilson on the 7th day of November, 1928. Upon that date, therefore, the appellant declares the note was fully executed and delivered. To refute the claim of consideration for the

signature of J. E. Wilson, the appellee pleaded that J. E. Wilson did not sign the note on November 7, as claimed, but on a later date. This later date, according to appellee's pleading, was after the note had been fully executed and the transaction completed. Hence, it is said by appellee there was no consideration for the signature of J. E. Wilson.

When instructing the jury, the district court simply stated these contentions and submitted the issue as to whether the note was signed by J. E. Wilson before its delivery to the appellant or at a later date after the original transaction between appellant, Hattie, and William C. Wilson had been fully closed. There is no error at this juncture.

IV. In the same connection, it is argued that the date on which J. E. Wilson signed the note is immaterial. Continuing its argument on this proposition, the appellant declares that when J. E. Wilson signed the note the old notes were taken from the bills receivable file and the new note placed therein. Such manipulation, the appellant concludes, was the material event in fixing the consideration, and the date of November 7 consequently became immaterial.

Undoubtedly the actual, as distinguished from the nominal, date is the essential time; but the appellant pleaded November 7 as the date, and its testimony indicates that J. E. Wilson signed at that time. Apparently it is appellant's claim, according to the argument and the evidence, that J. E. Wilson not only signed the last named note on November 7, 1928, but that upon that date the bank took the original notes from the bills receivable, and placed the last-named instrument therein as a substitute. Manifestly the jury could not be misled, and the court's instruction is in strict accord with the pleading and the evidence. Therein the district court submitted the matter of consideration strictly in harmony with the issue raised by appellant's petition and the appellee's answer.

No error appears, therefore.

V. An additional complaint is made because the district court erroneously ruled on the admission of certain evidence.

It appears that the appellee sought to prove the value of the real estate security for the note in question. This evidence was objected to by appellant upon the theory that the same was

incompetent, immaterial, and irrelevant. According to the appellant's argument, the evidence would be immaterial and irrelevant for the reason that the question of security was not before the jury. The appellant claims that it had the legal right to sue upon the note without foreclosing the mortgage. Consequently the appellant declares that the evidence offered concerning the value of the security was entirely immaterial and irrelevant. For the purposes of this discussion, it will be conceded that the appellant had the legal right to sue on the note without foreclosing the mortgage. Nevertheless, that principle does not necessarily exclude the evidence concerning the value of the real estate. Attention is here called to the fact that the appellant claimed it refused to accept the note in question as a renewal of the two old notes unless William C. and Hattie Wilson furnished additional security. In compliance with that demand, the appellant says that William C. and Hattie Wilson procured the signature of J. E. Wilson. To rebut appellant's claim, the appellee produced William C. Wilson as a witness and he testified that demand for additional security was refused because of the sufficiency of the existing security. It is said, therefore, by the appellee that the appellant recognized the sufficiency of the original security, and accepted the note of William C. and Hattie Wilson protected thereby. When attempting to prove that the appellant thus waived its demand for additional security and accepted the note of William C. and Hattie Wilson with the original security, the appellee sought to show that such original security was ample. According to the evidence offered, this security was ample.

Obviously the reason for offering the evidence was to corroborate appellee's claim concerning the transaction and indicate that the appellant likely waived its demand for the additional security because of the sufficiency of the original security.

Due to that fact and the others above related, the appellee's testimony would be corroborated. Under this theory it is manifest that the evidence was admissible and the district court properly admitted it.

Other matters are argued, but they are not of sufficient importance to change the result.

Wherefore, the judgment of the district court must be, and hereby is, affirmed.—Affirmed.

WAGNER, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.