ORRIN NILES *v.* EDITH REXFORD.

May Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed October 3, 1933.

*Lee E. Emerson* for the plaintiff.

*Pierce & Miles* for the defendant.

GRAHAM, J. The plaintiff seeks to recover on a negotiable promissory note, which was transferred to him by indorsement of the payee named therein after maturity. The case was tried and submitted to the jury on the single issue of whether the note was genuine or a forgery. The verdict and judgment were for the defendant, and the plaintiff excepted. Three questions are presented for review.

██ ██ During the trial it developed that the affidavit of defense, which on its face bore the signature of the defendant, was in fact signed with the authority and direction of the defendant by one of her attorneys of record, and was sworn to by her before the same attorney, who executed the jurat as a notary public. The plaintiff moved for judgment on the ground that no affidavit of defense had been filed. The motion was overruled, and the plaintiff excepted. It is unnecessary to pass upon the validity of the unusual procedure adopted; but we do not approve it, either directly or indirectly. The complaint is in the common counts. The plaintiff's specifications state: "In the above entitled cause the plaintiff hereby gives notice that at the trial thereof he will seek to recover upon the following described promissory note," and a copy of the note in suit follows. The plaintiff contends that his complaint and specifications constitute a "collection suit" under county court rule 9, par. 1, which, in the absence of a proper and sufficient affidavit of defense, entitled him to judgment, as in case of default. County court rule 9, par. 2; *Alexander* v. *Chevalier,* 98 Vt. 230, 233, 126 Atl. 498. The plaintiff's specifications do not bring the case within the rule (par. 1, rule 9), which, so far as material, provides that the action shall be deemed a "collection suit" when the specifications state that the plaintiff will claim judgment *only* upon some one or more of the therein mentioned written instruments, which are described and set forth. The key word of the rule, when the complaint contains the common counts, is the word "only," which gives notice of the exclusive nature of the plaintiff's claim. Its presence in the specifications is essential to bring the action within the application of the rule. It follows that, since the plaintiff's specifications were not in compliance with the rule, no affidavit of defense was required. The motion was properly overruled. It may be that the trial court based its ruling upon other grounds, but we may sustain

494

the ruling upon any legal grounds. *Simpson* v. *Central Vermont Railway Co.*, 95 Vt. 388, 394, 115 Atl. 299; *State* v. *Christie*, 97 Vt. 461, 464, 123 Atl. 849, 34 A. L. R. 577; *Duchaine* v. *Phoenix*, 100 Vt. 112, 116, 135 Atl. 715.

The court charged the jury that the burden was upon the plaintiff to prove that the note was genuine. The plaintiff excepted to the failure of the court to charge that the burden was upon the defendant to prove that the note was a forgery.

█ The so-called affidavit of defense filed by. the defendant set forth that she never gave the note to the payee named therein, that the note was not signed by her, nor signed by her authorization, and that the same was a forgery. Regardless of its legal effect as an affidavit of defense for the reasons already noticed, it was sufficient to give notice of denial of execution under county court rule 17. *The National Union Bank of Swanton* v. *Marsh*, 46 Vt. 443. In these circumstances our rule at common law placed the burden upon the plaintiff to prove due execution of the note. *Stevenson* v. *Gunning's Estate*, 64 Vt. 601, 25 Atl. 697. This is not questioned by the plaintiff, but the point is made that the rule of the common law has been changed by the enactment of the Uniform Negotiable Instruments Act, No. 99 Acts of 1912, G. L. 2867-3060. The plaintiff's brief confuses the defense of forgery with the defense of failure of consideration. True, the former implies no consideration, but they are separate and distinct defenses. Section 28 of the Act (G. L. 2898) expressly provides that absence or failure of consideration shall be a matter of affirmative defense which must be pleaded and proved by the defendant. *Harponola Co.* v. *Wilson*, 96 Vt. 427, 433, 120 Atl. 895. But section 23 (G. L. 2893) relating to forgery is merely declaratory of the common law. 8 C. J. 764; *Pettyjohn* v. *National Exch. Bank,* 101 Va. 111, 43 S. E. 203. Its enactment did not change or affect the burden of proof of this defense, which is governed by local practice rules and statutes. 8 C. J. 998, § 1302. In Uniform Laws Annotated, Vol. 5, pages 147, 148, the rule is stated thus: "In the absence of any denial of the execution of a note or of the signature of a payee, the execution and signature are admitted; the burden of proving the genuineness of the defendant's signature is on the plaintiff when the defendant has by a sufficient plea denied that the signature is his." And so is the almost

uniform holding of the cases. As indicative of the general trend of decisions in other states since the enactment of the Uniform Act, see *German-American Bank* v. *Barnes* (Mo. App.), 185 S. W. 1194; *Engel* v. *Schloss,* 134 Md. 72, 106 Atl. 169; *Prensky* v. *Bruno et al.* (City Court), 194 N. Y. S. 75; *Van Syckel* v. *Egg Harbor Coal & Lumber Co.,* 109 N. J. Law, 604, 162 Atl. 627; *Kirchner* v. *Clostermann,* 136 Or. 557, 299 Pac. 995; *In re Work's Estate,* 212 Iowa, 31, 233 N. W. 28; *In re Estate of Burke* v. *Sullivan,* 247 Ill. App. 233; *Hardison* v. *Jones,* 196 N. C. 712, 146 S. E. 804; *Williams* v. *S. M. Smith Ins. Agency,* 75 W. Va. 494, 84 S. E. 235, Ann. Cas. 1917A, 813; *Hartsfield* v. *Crumpler,* 174 Ark. 1179, 297 S. W. 1012; *Austen* v. *Marzolf,* 307 Pa. 232, 161 Atl. 72. The charge of the court on the burden of proof was correct, and the exception is not sustained.

The plaintiff excepted to the overruling of its motion to set aside the verdict on the grounds that there was no evidence to support it, and that there was no evidence offered by the defendant to support the defense that the signature to the note is a forgery. The latter ground, which is the one apparently relied upon, is based upon the plaintiff's contention that the burden was upon the defendant to prove the forgery, and not upon him to prove the genuineness, of the note. We have already disposed of that contention.

■■ The defendant testified that she never signed the note, and, as we interpret the record, there was no admission or concession to the contrary. There was a square conflict in the evidence, which presented a fact question for the jury. If as the plaintiff contends the case was submitted to the jury, with the acquiescence of the defendant, on the theory that the named payee obtained the defendant's signature for another purpose and wrongfully wrote the note above it, the note is no less a forgery, *Grapes* v. *Rocque,* 97 Vt. 531, 535, 124 Atl. 596; *Fudge* v. *Marquell,* 164 Ind. 447, 73 N. E. 895, nor, in the circumstances, would it alter the rule of the burden of proof of due execution and delivery. *Fudge* v. *Marquell, supra.* The plaintiff admits that, if the court was not obliged to charge that forgery was an affirmative defense to be established by the defendant, the defendant was entitled to a directed verdict. Therefore, he has no reasonable ground to complain because that issue was submitted to the jury. *Judgment affirmed.*