J. A. GREENWOOD *v.* PRIMUS P. LAMSON ET AL.

October Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed November 7, 1933.

38

*Stanley L. Chamberlin* and *J. Ward Carver* for the defendants.

40

*Stickney, Sargent & Chase* for the plaintiff.

GRAHAM, J. This is an action of contract, in which the plaintiff declared specially upon the following promissory note:

> "Secured by mortgage deed of premises in Bethel, Vermont, dated July 17, 1915."
> "$3,000.00    For value received, we each as principal, jointly and severally promise to pay J. A. Greenwood or order three thousand dollars ($3,000.00) on demand with interest annually at five per cent.   Bethel, Vermont, July 1, 1915.
>     Primus P. Lamson      Warren J. Beal
>     John W. Lamson        Eugene C. Blaisdell."

The defendants answered that there was no consideration for their signatures and that they signed otherwise than as makers. There was a judgment for the plaintiff, and the defendants excepted.

The case was heard below before a superior judge, in vacation, and no exception was taken to his findings. Our review, therefore, by statutory command, is controlled by the facts found.   G. L. 2259; *Conn Boston Co.* v. *Griswold,* 104 Vt. 89, 99, 157 Atl. 57.   The only exception saved was to the judgment. This exception merely raises the question whether the findings support the judgment.   *Crosby's Admrs.* v. *Naatz,* 98 Vt. 226,

229, 126 Atl. 547; *Royal Bank of Canada* v. *Girard,* 100 Vt. 117, 119, 135 Atl. 497. It reaches all questions involved in the rendition of the judgment and necessary to its validity. *Morgan* v. *Gould,* 96 Vt. 275, 280, 119 Atl. 517.

On July 17, 1915, Warren J. Beal and Eugene C. Blaisdell made, executed, and delivered to the plaintiff the note in suit. On October ·20, 1926, while the note was in the possession of the plaintiff, the defendants signed their names upon the face thereof, and slightly to the left of the signatures of the original makers. There is a finding that there was no evidence as to the circumstances under which the defendants signed their names, whether with or without the knowledge of the original makers, and that there was no evidence either way whether any consideration or benefit was received by the defendants from the plaintiff, or anyone else, for signing the note, and no evidence of demand and notice of dishonor sufficient to charge the defendants as indorsers.

"Upon the foregoing facts," the findings state, "it is my conclusion that the defendants by signing said note assumed the obligation of maker * * *."

██ ██ We agree with the defendants that the above quoted finding is a conclusion of law and is reviewable under the exception to the judgment. The relation of the defendants to the note is controlled by the Uniform Negotiable Instruments Act (chapter 140 of the General Laws), and it is to be determined from the note itself, and not otherwise. *Grapes* v. *Willoughby,* 93 Vt. 458, 460, 108 Atl. 421; *Alexander* v. *Chevalier,* 98 Vt. 230, 234, 126 Atl. 498.

██ ██ On the facts found from the note as an exhibit in the case we must test the conclusion that the defendants signed as makers, and not as indorsers. The defendants' contention that they signed as indorsers is founded upon section 17, subd. 6 (G. L. 2887, subd. VI). That subsection provides: "Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser."

This provision, in terms, applies only to a case where a doubt arises from the ambiguous location of the signature upon the instrument, such as at the end or across the face of the instrument. It was intended to solve such a doubt, and no other. *Germania Nat. Bank* v. *Mariner,* 129 Wis. 544, 109 N. W. 574. These de-

fendants signed their names in the proper place for a maker, and the only thing indicated which is at all unusual (if such it may be called) is that they placed their signatures "slightly to the left of the signatures of the original makers." But this circumstance, alone, does not create such a doubt as is contemplated by the statute. *Bank of California* v. *Starrett,* 110 Wash. 231, 188 Pac. 410, 9 A. L. R. 177. It was held in this case that one who places his name at the left side of the bottom of a note, instead of at the right, signs as a maker rather than as an indorser. The fact that the defendants placed their names on the note after its delivery to the payee does not alter their legal status as makers. See *Lyndon Savings Bank* v. *International Company,* 78 Vt. 169, 177, 178, 62, Atl. 50, 112 A. S. R. 900; and *Thomas* v. *Hoebel,* 46 Idaho 744, 271 Pac. 931, 932.

The conclusion that the defendants by signing the note assumed the obligation of makers was clearly correct.

■■ It is a settled and well-recognized rule that a party who signs a note after its execution, delivery, and acceptance is not liable to the payee when there was no new or additional consideration for such signing, either in the form (1) of some advantage to some of the signers, or (2) of some disadvantage to the payee, or (3) of an agreement, at the time of the original execution and delivery, that the note would be so signed. *Persia Sav. Bank* v. *Wilson,* 214 Iowa, 993, 243 N. W. 581; *King* v. *Wise* (Tex. Com. App.), 282 S. W. 570. The defendants, by their answer, invoke this rule of law, but they have introduced no evidence to sustain the allegation. They contend that the burden was upon the plaintiff to establish a new consideration. But the argument misconceives the express provisions of the Negotiable Instruments Act. By section 24 of the Act (G. L. 2894) the note is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value, and section 28 of the Act (G. L. 2898) provides that absence or failure of consideration is matter of defense as against any person not a holder in due course. These provisions of the Act expressly cast upon the party asserting absence or failure of consideration the burden of establishing the issue by pleadings and proof. *Harponola Company* v. *Wilson,* 96 Vt. 427, 433, 120 Atl. 895; *Alexander* v. *Chevalier,* 98 Vt. 230, 233, 126 Atl. 498;

*Niles* v. *Rexford* (decided, October Term, 1933), 105 Vt. 492, 168 Atl. 714. See *Browne* v. *Fine*, 104 Vt. 221, 228, 158 Atl. 669. Sections 24 and 28 (G. L. 2894 and 2898) do not make any distinction between signers before delivery and signers after delivery. We read them as they are written, and hold that the rule as to burden of proof of the issue of absence or failure of consideration applies with equal force to a person who signs the note after its delivery.

Other courts, since the adoption of the Act, have, apparently, taken the same view. See *Thomas* v. *Hoebel*, 46 Idaho, 744, 271 Pac. 931; *Nolte* v. *Nolte*, 211 Iowa, 1289, 235 N. W. 483; and *Sangster* v. *Bricker*, 66 Ind. App. 409, 118 N. E. 383.

On the facts found, there was no error in the judgment, and it is *affirmed*.